EDMUNDS, Appellant,

v.

LITTLE, d.b.a. Lake Erie Recycling, Appellee.

[Cite as *Edmunds v. Little* (1995), 103 Ohio App.3d 488.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L-95-011.

Decided June 2, 1995.

*Lawrence Gibson,* for appellant.

*Roger P. Klee,* for appellee.

MELVIN L. RESNICK, Judge.

This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas. Appellant, James M. Edmunds, asserts the following assignment of error:

"The trial court's opinion and judgment entry of December 20, 1994, interpreting Ohio Revised Code *1901.181* to mean that the Toledo Housing Court has exclusive jurisdiction of forcible entry and detainer cases in Toledo, and divests the Lucas County Common Pleas Court of concurrent original jurisdiction is in error and contrary to law. Ohio Revised Code 1901.181 means that the Housing Division of the Toledo Municipal Court has exclusive jurisdiction *within the*

*Toledo Municipal Court,* as compared to the General Division of the Toledo Municipal Court, as to all matters at issue in forcible entry and detainer actions initiated in the Toledo Municipal Court."

On November 10, 1994, appellant filed a forcible entry and detainer action in common pleas court against appellee, Laurence K. Little, d.b.a. Lake Erie Recycling. Appellant sought money damages in the amount of $1,808.33. Appellant also sought unspecified damages for the court costs, cost to remove appellee and his property from the premises, and the cost of refurbishing the property. On December 12, 1994, appellee filed a motion to dismiss the action, arguing that it had been improvidently filed in the General Division of the Common Pleas Court. Appellee argued that Toledo Municipal Housing Court had exclusive jurisdiction over forcible entry and detainer actions that did not exceed its monetary jurisdiction. On December 21, 1994, the trial court granted appellee's motion to dismiss. Appellant now appeals that decision.

R.C. 1901.011 creates a housing division in the Toledo Municipal Court. R.C. 1901.181 states:

"(A)(1) Except as otherwise provided in this division and division (A)(2) of this section and *subject to section 1901.17 of the Revised Code* and to division (C) of this section, if a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation * * *." (Emphasis added.)

R.C. 1901.17 states: "[A] municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars." Therefore, the Housing Division of the Toledo Municipal Court lacks exclusive jurisdiction where alleged damages in a complaint exceed ten thousand dollars.[1] *State ex. rel. McGraw v. Gorman* (1985), 17 Ohio St.3d 147, 17 OBR 350, 478 N.E.2d 770.

In the present case, appellant did not seek damages in excess of $10,000. Accordingly, the Housing Division of the Toledo Municipal Court has exclusive jurisdiction over this matter. Appellant's sole assignment of error is found not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., and SHERCK, J., concur.