THE STATE, EX REL. MCGRAW ET AL., APPELLANTS, *v.* GORMAN, JUDGE, APPELLEE.

[Cite as State, ex rel. McGraw, *v.* Gorman (1985), 17 Ohio St. 3d 147.]

(No. 84-914—Decided May 29, 1985.)

*Meckler & Meckler, Theodore E. Meckler* and *Philip D. Star,* for appellants.

*Avery S. Friedman,* for appellee.

*Yvonne C. Billingsley,* urging reversal for *amicus curiae,* Cleveland Municipal Court Housing Division.

*Kenneth J. Kowalski,* urging reversal for *amici curiae,* The Housing Advocates, Inc. et al.

*Sheldon Stein,* urging affirmance for *amicus curiae,* Marvin Chernin.

*Per Curiam.* The statute from which Cleveland's housing court derives its jurisdiction is R.C. 1901.181. That section reads in part as follows:

"(A) *Subject to section 1901.17 of the Revised Code,* if a municipal court has a housing division, the housing division has exclusive jurisdiction in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, * * *."[1] (Emphasis added.)

Appellants essentially argue that the "exclusive jurisdiction" conferred on the housing court means exclusive as to all other courts, including the court of common pleas. They contend that the court of appeals erred in seizing upon the phrase "[s]ubject to section 1901.17 of the Revised Code" (which section limits municipal court jurisdiction to cases involving $10,000 or less), and ignored other Revised Code sections and the policy the legislature had in mind when it established the housing court. In particular, appellants say that the appellate court failed to take into account R.C. 1901.131, which provides:

"Whenever an action or proceeding is properly brought in the housing division of a municipal court, the housing division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper

---

[1] R.C. 1901.181, in its entirety, reads as follows:

"(A) Subject to section 1901.17 of the Revised Code, if a municipal court has a housing division, the housing division has exclusive jurisdiction in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation, and in any civil action commenced pursuant to Chapter 1923. or 5321. or sections 5303.03 to 5303.07 of the Revised Code. Subject to section 1901.20 of the Revised Code, the housing division of a municipal court has exclusive jurisdiction in any criminal action for violation of any local building, housing, air pollution, sanitation, health, fire, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation.

"(B) A counterclaim or cross-claim does not affect the jurisdiction of the housing division even if the subject matter of the counterclaim or cross-claim would not be within the jurisdiction of the housing division as authorized by this section if it were filed as an original action."

for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render judgment or make a finding or order in a like action or proceeding."

According to appellants and the *amici curiae* urging reversal, the foregoing section eliminates the $10,000 monetary jurisdictional limitation of the municipal court housing division. They assert that if the appellate court's interpretation of the statutes is upheld, litigants will engage in forum shopping, and that in actions for damages, a plaintiff, should he want to avoid the housing court, would simply allege damages in excess of $10,000.[2]

In the construction of statutes, "[c]onsistency in statutes is of prime importance and it is the duty of the court to attempt to harmonize and reconcile the law. * * *" *Suez Co.* v. *Young* (1963), 118 Ohio App. 415, 424 [25 O.O.2d 315]. "The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act * * *." *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231 [36 O.O. 554], paragraph five of the syllabus. Moreover, "it is a basic presumption in statutory construction that the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State, ex rel. Cleveland Elec. Illum. Co.,* v. *Euclid* (1959), 169 Ohio St. 476, 479 [8 O.O.2d 480].

It is clear from R.C. 1901.181(A) that the jurisdiction of the Housing Division of the Cleveland Municipal Court is "[s]ubject to section 1901.17 of the Revised Code." R.C. 1901.17 limits municipal court jurisdiction to "cases where the amount claimed by any party * * * does not exceed ten thousand dollars." The only exception to the monetary limitation is R.C. 1901.181(B), which provides that the housing court is not deprived of jurisdiction where the subject amount of a counterclaim or cross-claim would not be within the housing court's domain if filed as an original action.

---

[2] Appellants also rest their case on *Maduka* v. *Parries* (1984), 14 Ohio App. 3d 191. In that case, the Court of Appeals for Cuyahoga County found that under R.C. 1901.181, the Cleveland housing court "possessed exclusive jurisdiction over the defendant's forcible entry and detainer action." The court observed that "[t]he holding of *Seventh Urban, Inc.* v. *University Circle* (1981), 67 Ohio St. 2d 19, 23-24 [21 O.O.3d 12], that courts of common pleas have concurrent jurisdiction with municipal courts in forcible entry and detainer actions, did not address the impact of R.C. 1901.181 since the action involved therein arose in 1978 before R.C. 1901.181 took effect." *Id.* at 192, fn. 3. The court in *Maduka,* however, did not address the monetary jurisdictional qualification of R.C. 1901.181(A).

In view of the foregoing, we hold that an action is not "properly brought in the housing division" as provided by R.C. 1901.131 if it exceeds the $10,000 jurisdictional limit imposed by R.C. 1901.17. Appellants' proposition that R.C. 1901.131 eliminates this limitation is without merit. Accordingly, the "exclusive jurisdiction" vested in the housing court by R.C. 1901.181(A) means exclusive as against the other divisions of the municipal court, but not as against the court of common pleas in cases where a plaintiff has alleged damages of more than $10,000.[3]

We now consider whether a writ of prohibition should be allowed. It is well-settled that there are three essentials for issuance of a writ of prohibition: the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; the exercise of that power must be unauthorized by law; and it must appear that the denial of the writ would cause injury for which there is no other adequate remedy in the ordinary course of the law. *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65 [69 O.O.2d 396], paragraph one of the syllabus; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3.

The first condition is satisfied. If we refuse the writ of prohibition Judge Gorman will undoubtedly proceed to exercise judicial power and will hear the underlying suits in this case.

The second requirement is not satisfied. In view of our discussion herein with regard to the Cleveland housing court's jurisdictional limit dictated by R.C. 1901.17, we conclude that Judge Gorman's exercise of power in the underlying cases is not unauthorized by law. We need go no further. The writ of prohibition is hereby denied.

*Writit denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[3] In support of appellants' position, The Housing Advocates, Inc. et al. in its *amici* brief argues:

"* * * Even the most competent Common Pleas judge will not be able to apply the special expertise of the Housing Court judge and support staff to a housing case which is brought in his court rather than the Housing Court.

"Uniform enforcement of the housing laws throughout the city of Cleveland is best promoted by consolidating all housing cases before one specialized court. Forum shopping in search of a more favorable judge is discouraged, and potential litigants know in advance what law will be applied in case their dispute reaches the judicial forum. The construction of the jurisdictional statute urged by Respondent-Appellee would lead to exactly the opposite result. In a landlord-tenant case, for example, a party wishing to avoid the Housing Court can simply join a possibly spurious claim for a large amount of money to his basic, housing-related cause of action, thereby making his total claim large enough to force adjudication in Common Pleas Court.

"This is exactly what has happened in this case. * * *"

While such policy considerations may be meritorious, they are more properly brought to the attention of the legislature because "the general assembly is vested with full power to determine what courts inferior to the court of appeals it will establish, local if deemed proper, either for separate counties or cities, and to define their jurisdiction and power * * *." *Miller* v. *Eagle* (1917), 96 Ohio St. 106, 112.