**WASHINGTON COUNTY HOME, Appellee,**

v.

**OHIO DEPARTMENT OF HEALTH, Appellant.**

[Cite as *Washington Cty. Home v. Ohio Dept. of Health,*
178 Ohio App.3d 78, 2008-Ohio-4342.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 07CA54.

Decided Aug. 19, 2008.

Martha J. Sweterlitsch and Jennifer M. Turk, for appellee.

Marc Dann,[1] Attorney General, and Melinda Snyder Osgood, Assistant Attorney General, for appellant.

McFARLAND, Judge.

{¶ 1} Appellant, the Ohio Department of Health ("ODH"), appeals the trial court's judgment that reversed its decision finding that the mail-delivery policy of appellee, Washington County Home, violates R.C. 3721.13(A)(21)(a). Appellant contends that the trial court improperly interpreted the statute so as to require a resident to request that he or she receive sealed, unopened mail. The trial court did not improperly interpret the statute. The statute plainly and unambiguously requires the resident to request to receive sealed, unopened mail. However, the statute excepts communications from the resident's attorney or physician, or from a public official from this requirement. Therefore, to this limited extent, we reverse the trial court's judgment and remand for clarification. In all other respects, this argument is without merit.

{¶ 2} Appellant further argues that the trial court erroneously determined that R.C. 3721.13(A)(21)(a) conflicts with the financial duties contained in R.C. Chapter 5155. Our disposition of appellant's first assignment of error renders this argument moot. Therefore, we need not address it.

{¶ 3} Finally, appellant contends that the trial court incorrectly applied the standard of review applicable to administrative appeals. Because the instant case involves a question of law, i.e., the interpretation of a statute, appellant's assertions that the court improperly substituted its judgment or improperly considered the evidence are unavailing. In an administrative appeal, the trial court has plenary power to review questions of law.

{¶ 4} Accordingly, we reverse and remand the trial court's judgment so that it may determine whether reliable, probative, and substantive evidence exists to support a finding that appellee violated R.C. 3721.13(A)(21)(a) as it relates to communications from a resident's physician or attorney, or from a public official. In all other respects, we affirm the trial court's judgment.

## I. FACTS

{¶ 5} An Ohio Department of Health surveyor investigated a complaint at appellee's facility that residents did not have the right to receive unopened mail. She spoke with some residents who informed her that they were called to a facility office to open "official-looking" mail in front of a facility employee. She

---

1. During the pendency of this appeal, Marc Dann resigned as Attorney General, and Nancy Hardin Rogers was named interim Attorney General.

stated that the residents advised her that they did not want to go to the office to open their mail. Appellant subsequently found probable cause to believe that appellee violated R.C. 3721.13(A)(21)(a) regarding residents' rights.

{¶ 6} At a hearing, Washington County Home assistant administrator Rosalind Williams testified that the facility's current mail-delivery policy is to send "official-looking" mail to the social-services office. The social-services director then calls each resident to the office and inquires whether the resident needs help with the mail. Williams stated that the residents are not required to open the mail in front of the director and may refuse to do so. She further stated that the facility has never opened residents' mail. She explained that at one point, the facility delivered all mail directly to the residents, but found that residents missed appointments or failed to file the proper paperwork to receive financial assistance.

{¶ 7} The hearing examiner found that appellee's mail-delivery policy violated R.C. 3721.13(A)(21)(a). The acting director of health subsequently adopted the hearing examiner's report and recommendation and ordered appellee to stop "its policy of retaining official looking mail for later opening by the recipient in the presence of facility staff."

{¶ 8} Appellee then appealed the decision to the trial court. The trial court reversed appellant's decision. The court found as follows. When mail arrives at the home, the facility sorts the mail into "personal" and "official" mail. The personal mail is delivered to the residents, but the official-looking mail is sent to the social-services director. The director summons the resident to the office, provides the resident with the unopened mail, and then asks the resident if he or she needs help with the matters contained in the mail. If the mail contains a check, the director takes the check to use for supporting the resident. The court found no evidence that appellee actually opens its residents' mail.

{¶ 9} The court determined that appellant's decision finding that appellee's mail-delivery policy violates R.C. 3721.12(A)(21)(a) is not supported by the law. The court explained that the obligation set forth in R.C. 3721.12(A)(21) "is not an absolute requirement," but "is conditioned by the language 'upon reasonable request.'"

{¶ 10} The court further concluded that to construe the statute as appellant suggested would subvert appellee's statutory obligation to secure possession of its residents' assets. The court explained that appellee has an

> obligation to gather the assets of their residents and to apply those funds to the care of that resident in accordance with law. The county home has an obligation to provide unopened mail to their residents. Many of the residents receive some form of assistance or disability in the form of checks mailed to

them. These checks are often not turned over to the county home as required, absent some oversight by county home personnel. * * *

The county home has attempted to meet it's [sic] obligation to the county and to its residents by instituting, and then re-instituting, the procedure that is in question here. The State fails to appreciate the difficulties faced by the county home in meeting its obligation to the county and the county tax payers.

The county home sees no option to its current practice, which is an attempt to meet both of it's [sic] legal obligations—to provide private unopened mail, and to gather assets to pay for the care of residents. The State has suggested various other methodologies to meet the obligation to obtain assets and income. None of the methods suggested meets the needs of the county home. The suggested solutions do not provide for the transfer of funds to the county to partially reimburse for the care of the residents. They are methodologies that leave the funds in the control of the resident.

The court thus concluded:

To read the mail requirement as absolute would require a finding that the legislature determined that the damage to residents by loss of income, loss of services and deterioration to health and general condition that results from missed services and appointments is outweighed by the rubric of "privacy protection." Under the statute the unopened mail obligation is not absolute. The legislature is presumed to know of the obligation to obtain assets and assist residents with care under the county home statutes when it enacted this section. To read the section as argued by the [ODH] would be tantamount to finding that the legislature enacted this section to eliminate a sensible, low cost, efficient, and minimally invasive methodology to acquire information so as to be able to provide needed help and to maximize reimbursement and minimize the burden on the tax payers. Such a tortured reading of the statute is not warranted.

{¶ 11} Appellant timely appealed the trial court's judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Appellant raises three assignments of error:

{¶ 13} I. "The lower court erred as a matter of law in holding that the obligation of a long term care facility to guarantee the rights of its residents to private and unrestricted communications, including the right to receive, send and mail sealed, unopened correspondence as set forth in Revised Code Section 3721.13(A)(21), 'is not an absolute statutory requirement.'"

{¶ 14} II. "The lower court erred as a matter of law in finding a conflict of duties imposed on county homes by Revised Code Chapter 5155 and Revised Code Section 3721.13(A)."

{¶ 15} III. "The lower court erred as a matter of law in interpreting R.C. 3721.12(A)(21) to allow a facility to compel its residents to open their mail in the presence of a county home staff person."

## III.  DISCUSSION

{¶ 16} Appellant's three assignments of error challenge the propriety of the trial court's judgment reversing ODH's decision.  Because they are interrelated, we address them together.

{¶ 17} In its first assignment of error, appellant asserts that the trial court erred in interpreting the statute.  Specifically, appellant contends that the trial court improperly interpreted the statute so as to require the resident to request to receive sealed, unopened mail.  Appellant further argues that the "upon reasonable request" provision does not apply when the mail originates from public officials, physicians, or attorneys and claims that at least one resident was summoned to the office to open a letter from his attorney.  Appellant additionally asserts that the trial court erred by concluding that the rights contained in the statute are not absolute, but may be trumped by a county home's alleged statutory financial obligations.

{¶ 18} Appellee argues that the trial court properly determined that it did not violate R.C. 3721.13(A)(21).  Appellee asserts that the evidence shows that it does not open its residents' mail and does not require them to open mail in front of a staff member.  However, appellee's argument does not address whether the resident must affirmatively assert the right to receive sealed, unopened mail.

{¶ 19} In its second assignment of error, appellant asserts that the trial court erred by concluding that R.C. 3721.13(A)(21) conflicts with R.C. 5155.23, 5155.24, and 5155.25.

{¶ 20} In its third assignment of error, appellant contends that the trial court improperly applied the standard of review that governs an administrative appeal. Appellant asserts that the trial court improperly substituted its judgment for that of ODH.  In particular, appellant complains that the court ignored ODH's finding that appellee's mail policy violates the statute, as ODH interpreted it.  Appellant appears to posit that the trial court was bound by ODH's interpretation and application of the statute and that it could not independently interpret the statute.  Appellant further argues that the trial court improperly conducted a de novo review of the evidence in reaching its decision.  Appellant states that some of the facts that the trial court cited in its decision "do not readily appear in the

hearing transcript and are not included in the Hearing Officer's Findings of Fact."

## A. TRIAL COURT STANDARD OF REVIEW

{¶ 21} In an R.C. 119.12 administrative appeal, a common pleas court must affirm the agency's decision if it is supported by "reliable, probative, and substantial evidence and is in accordance with law." See *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748; *In re Williams* (1991), 60 Ohio St.3d 85, 86, 573 N.E.2d 638. " 'Reliable' evidence is dependable or trustworthy; 'probative' evidence tends to prove the issue in question and is relevant to the issue presented; and 'substantial' evidence carries some weight or value." *Ohio Civ. Rights Comm. v. Case W. Res. Univ.* (1996), 76 Ohio St.3d 168, 178, 666 N.E.2d 1376, citing *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

{¶ 22} Thus, when a trial court reviews the commission's finding, it must "appraise all the evidence * * * 'and, if from such a consideration it finds that the * * * [board's] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *.' " *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 407 N.E.2d 1265, quoting *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 131 N.E.2d 390, paragraph one of the syllabus. "[W]hether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court." Id. at 111, 17 O.O.3d 65, 407 N.E.2d 1265. Furthermore, while "a Court of Common Pleas 'must give due deference to the administrative resolution of evidentiary conflicts,' [id.], [d]ue deference * * * does not contemplate uncritical acquiescence to administrative findings." *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 200, 20 O.O.3d 200, 421 N.E.2d 128.

{¶ 23} Although a trial court may not try the issues de novo or substitute its judgment for the administrative agency, see *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, and *Conrad,* 63 Ohio St.2d at 110, 17 O.O.3d 65, 407 N.E.2d 1265, it may decide purely legal questions de novo. See *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470–471, 613 N.E.2d 591; *Joudah v. Ohio Dept. of Human Servs.* (1994), 94 Ohio App.3d 614, 616–617, 641 N.E.2d 288. Thus, "[t]o the extent that an agency's decision is based on construction of the state or federal Constitution,

a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently." *Ohio Historical Soc.* at 471, 613 N.E.2d 591.

## B. APPELLATE STANDARD OF REVIEW

{¶ 24} In contrast to the trial court's standard of review, an appellate court's review of an administrative agency's order is more limited. See *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264. It is incumbent on a trial court to examine the evidence. See *Pons,* 66 Ohio St.3d at 621, 614 N.E.2d 748. Such is not the charge of an appellate court. Id. Instead, an appellate court must determine whether the trial court has abused its discretion. Id. Thus, absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See id. An abuse of discretion constitutes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See, e.g., *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242.

{¶ 25} Additionally, an appellate court must not substitute its judgment for that of an administrative agency or a trial court. *Pons,* 66 Ohio St.3d at 621, 614 N.E.2d 748. The fact that the court of appeals might have arrived at a different conclusion than did the administrative agency is immaterial. "With respect to purely legal questions, however, the court is to exercise independent judgment." *VFW Post 8586 v. Ohio Liquor Control Comm.* (1998), 83 Ohio St.3d 79, 81–82, 697 N.E.2d 655; see also *Nye v. Ohio Bd. of Examiners of Architects,* 165 Ohio App.3d 502, 2006-Ohio-948, 847 N.E.2d 46, at ¶ 11 (stating that appellate court has plenary review of legal questions).

## C. INTERPRETATION OF STATUTES

{¶ 26} The instant case requires us to examine whether the trial court properly interpreted the residents' rights provision contained in R.C. 3721.13(A)(21)(a).

{¶ 27} The interpretation of a statute involves a purely legal question. Thus, we conduct a de novo review of a trial court's judgment interpreting a statute and afford no deference to the trial court's interpretation of a statute. See, e.g., *Oliver v. Johnson,* Jackson App. No. 06CA16, 2007-Ohio-5880, 2007 WL 3227668, at ¶ 5.

{¶ 28} In construing a statute, a court's paramount concern is the legislature's intent in enacting it. See, e.g., *State ex rel. Cincinnati Enquirer v. Jones–Kelley,* 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at ¶ 17; *State*

*ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11. " 'The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act * * *.' " *State ex rel. McGraw v. Gorman* (1985), 17 Ohio St.3d 147, 149, 17 OBR 350, 478 N.E.2d 770, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. To determine legislative intent, a court must " 'read words and phrases in context and construe them in accordance with rules of grammar and common usage.' " Id., quoting *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11. "In construing the terms of a particular statute, words must be given their usual, normal, and/or customary meanings." *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.

{¶ 29} When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory construction. Id.; see also *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77; *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus. However, when a statute is subject to various interpretations, a court may invoke rules of statutory construction to arrive at legislative intent. R.C. 1.49; *Cline,* supra; *Carter v. Youngstown* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus.

## D. RESIDENTS' RIGHTS

{¶ 30} "R.C. Chapter 3721 contains provisions for protecting the rights of patients and residents at nursing homes, a quickly growing segment of Ohio's population. R.C. 3721.10 through 3721.17 provide specific rights to nursing home patients and residents, such as the right to certain living conditions and the right to adequate medical treatment. These provisions are referred to as the 'nursing home patients' bill of rights.' "[2] *Belinky v. Drake Ctr., Inc.* (1996), 117 Ohio App.3d 497, 503, 690 N.E.2d 1302. The administrator of the home must furnish each resident a copy of the rights upon admission to the home. See R.C. 3721.12(A)(3)(a). Moreover, R.C. 3721.13(C) states that any attempted waiver of those rights is void.

{¶ 31} As relevant to the case at bar, R.C. 3721.13(A)(21)(a) provides a resident with the following right:

---

**2.** The parties do not dispute that R.C. 3721.13 applies to appellee, a county home.

(21) The right upon reasonable request to private and unrestricted communications with the resident's family, social worker, and any other person, unless not medically advisable as documented in the resident's medical record by the attending physician, except that communications with public officials or with the resident's attorney or physician shall not be restricted. Private and unrestricted communications shall include, but are not limited to, the right to:

(a) Receive, send, and mail sealed, unopened correspondence.

{¶ 32} Under the rules of statutory interpretation, the first question we must decide is whether the statute is unambiguous. If it is, then we simply apply the statute as written and have no need to resort to the rules of statutory construction.

{¶ 33} R.C. 3721.13(A)(21)(a) is not ambiguous. The statute states that the resident has the "right upon reasonable request to private and unrestricted communications with the resident's family, social worker, and any other person * * *." The statute states that "[p]rivate and unrestricted communications" includes the right to "[r]eceive, send, and mail sealed, unopened correspondence." Inserting this definition into the first part of the statute, the statute provides a resident the right upon reasonable request to receive, send, and mail sealed, unopened correspondence with the resident's family, social worker, and any other person. Thus, the statute plainly grants a resident the right, upon reasonable request, to receive sealed, unopened correspondence from the resident's family, social worker, and any other person. The phrasing of the statute is neither ambiguous nor subject to varying interpretations. The phrase "upon reasonable request" qualifies a resident's right to receive, send, and mail sealed, unopened correspondence. The statute plainly requires the resident to request to receive, send, and mail sealed, unopened correspondence. The requirement that the resident request this right "enables 'home' officials to consult with a resident's physician prior to granting the request if there is any question regarding the medical advisability of the request." *State v. Otten* (1986), 33 Ohio App.3d 339, 341, 515 N.E.2d 1009. As applied to the situation in the case at bar, if a resident requests that he or she receive sealed, unopened correspondence, then facility officials may consult with a physician to determine the medical advisability of the request. For instance, a physician may determine that a resident lacks the mental ability to adequately handle and process his or her mail.

{¶ 34} However, the statute does not allow communications from the resident's attorney, physician, or public officials to be restricted. Therefore, to the extent that appellee restricts residents' access to mail from attorneys, physicians, or public officials, appellee's policy violates the statute.

{¶ 35} Appellant claims that the official-looking mail from the Social Security Administration, for example, is mail from "public officials" that appellee cannot restrict. Appellant does not provide any argument as to why the Social Security Administration should be included in the definition of "public official." Our own research suggests that a federal agency, such as the Social Security Administration, is not the same as a "public official."

{¶ 36} To determine the plain meaning of "public official," we look to the ordinary use of that term. Blacks Law Dictionary, Sixth Edition, 1990, defines "public official" as: "A person who, upon being issued a commission, taking required oath, enters upon, for a fixed tenure, a position called an office where he or she exercises in his or her own right some of the attributes of sovereign he or she serves for the benefit of public. The holder of a public office though not all persons in public employment are public officials, because public official's position requires the exercise of some portion of the sovereign power, whether great or small." See *State ex rel. Sperry v. Licking Metro. Hous. Auth.* (Sept. 18, 1995), Licking App. No. 95CA52, 1995 WL 615951. Merriam–Webster's Collegiate Dictionary, Tenth Edition, 1993, defines "public officer" as: "A person who has been legally elected or appointed to office and who exercises governmental functions." See id. Both of these definitions state that a "public official" is a person, not an agency. Thus, a state or federal agency is not the same as a public official, and such agencies are not reasonably encompassed within the term "public officials" as used in R.C. 3721.13(A)(21). Consequently, appellant's contention that the Social Security Administration or other federal or state agencies are "public officials" within the meaning of R.C. 3721.13(A)(21) is unavailing.

{¶ 37} In addition to R.C. 3721.13(A)(21), the Ohio Administrative Code contains a regulation that addresses resident mail. See Ohio Adm.Code 3701–17–09(G). " 'An Ohio Administrative Code section is a further arm, extension, or explanation of statutory intent implementing a statute passed by the General Assembly.' " *Belinky,* 117 Ohio App.3d at 505–506, 690 N.E.2d 1302, quoting *State ex rel. Meyers v. State Lottery Comm.* (1986), 34 Ohio App.3d 232, 234, 517 N.E.2d 1029. Thus, when reasonably possible, courts must harmonize, reconcile, and construe statutes and administrative regulations together. See *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27, 27 OBR 442, 500 N.E.2d 1370, citing *State ex rel. McGraw v. Gorman* (1985), 17 Ohio St.3d 147, 17 OBR 350, 478 N.E.2d 770, and *Wooster Republican Printing Co. v. Wooster* (1978), 56 Ohio St.2d 126, 10 O.O.3d 312, 383 N.E.2d 124. Moreover, a rule implemented as an extension of a statute has the full force and effect of a statute, unless it is unreasonable or conflicts with a statute covering the same subject matter. See *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538; *Belinky,* 117

Ohio App.3d at 505, 690 N.E.2d 1302. "[W]here a potential conflict exists between an administrative rule and a statute, an administrative rule is not inconsistent with a statute unless the rule contravenes or is in derogation of some express provision of the statute." *Kelly v. Accountancy Bd. of Ohio* (1993), 88 Ohio App.3d 453, 459, 624 N.E.2d 292, citing *McAninch v. Crumbley* (1981), 65 Ohio St.2d 31, 34, 19 O.O.3d 225, 417 N.E.2d 1252.

{¶ 38} Ohio Adm.Code 3701–17–09(G) states: "The administrator shall ensure that: (1) All mail, telegrams, or other communications addressed to residents is delivered to the addressee unopened and unread immediately upon receipt at the nursing home, and opened and read to the resident after delivery if the resident so requests."

{¶ 39} Unlike the statute, the administrative code provision does not require the resident to request to receive mail unopened. Instead, the code requires the facility administrator to immediately deliver mail to the resident unopened and unread. Then, if the resident requests, a facility member may open and read the mail to the resident. This process appears to conflict with the statute, which requires the resident to request that he or she receive the mail unopened. To the extent that the code provision conflicts with the statute, the code provision is invalid.

{¶ 40} In sum, appellee's policy of summoning a resident to the office to open mail does not violate R.C. 3721.13(A)(21)(a), unless the mail originates from the resident's attorney or physician or from a public official. The statute does not prohibit a county home from monitoring and sorting a resident's mail. Instead, the statute imposes a duty upon the resident to request private and unrestricted communications, which includes the right to receive sealed, unopened mail. Consequently, appellant's arguments in its first and third assignments of error that the trial court erred by interpreting the statute are without merit. However, to the extent that appellee restricts residents' access to mail that originates from an attorney or physician, or a public official, appellee's policy violates R.C. 3721.13(A)(21)(a). Therefore, to this limited extent, we reverse and remand the trial court's judgment for clarification whether appellee's mail policy violates R.C. 3721.13(A)(21)(a).

{¶ 41} Moreover, the foregoing analysis renders appellant's second assignment of error moot. The above statutory interpretation does not include any discussion of R.C. Chapter 5155 and appellee's alleged financial duties under those statutes. The statute is clear and unambiguous, and we need not consider whether the contrary interpretation appellant suggests would conflict with R.C. Chapter 5155. Because we may uphold the trial court's judgment without considering the impact of R.C. Chapter 5155 on R.C. 3721.13(A)(21)(a), we need not consider appellant's second assignment of error that the trial court improper-

ly determined that compliance with R.C. 3721.13(A)(21) conflicts with R.C. Chapter 5155. See App.R. 12(A)(1)(c).

{¶ 42} Additionally, we reject appellant's assertion that the trial court improperly applied the standard of review. The appeal involved only questions of law, i.e., whether the policy violates R.C. 3721.13(A)(21). A trial court may independently review purely legal questions and need not defer to the agency's decision. The trial court did not reverse appellee's decision on an evidentiary basis, but because its decision was not in accordance with the law. Consequently, appellant's arguments that the trial court's evidentiary findings conflict with ODH's findings do not impact the outcome of this appeal. See *Kelly,* 88 Ohio App.3d at 461, 624 N.E.2d 292.

{¶ 43} Accordingly, based upon the foregoing reasons, we overrule appellant's third and second assignments of error. We overrule in part and sustain in part appellant's first assignment of error. We affirm in part and reverse and remand in part the trial court's judgment.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded in part.

ABELE, P.J., concurs.

KLINE J., concurs in judgment only.