EILEEN T. GALLAGHER, P.J.:
{¶ 1} Appellant, Janice McCoy, appeals from the judgment of the common pleas court that affirmed an administrative appeal decision issued by appellee, Ohio Department of Job and Family Services ("ODJFS"). McCoy raises the following assignments of error for review:
1. ODJFS erred by claiming that the appellant failed to complete four hours of activity on November 30, 2015.
2. ODJFS erred by claiming that the appellant failed to attend an Ohio Works First reassessment for November 30, 2015 to amend her self-sufficiency contract.
3. ODJFS erred by declaring the date of the sanction notice to be December 15, 2015.
4. ODJFS erred by alleging that the appellant did not request a state hearing within the time frame allotted.
5. ODJFS erred by assuming the state hearing requested on December 28, 2015 was for a sanction.
6. ODJFS erred by claiming that the appellant was in receipt of fair healing benefits.
7. ODJFS erred by assuming a state hearing occurred for the request date of December 28, 2015.
8. ODJFS erred by not adhering to the dates on their own notices that they issued.
9. ODJFS erred by insisting that the appellant sign a sanction compliance form when the appellant did not do anything to cause her case to be sanctioned.
{¶ 2} After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.
I. Procedural and Factual History
{¶ 3} McCoy was a recipient of benefits from the Ohio Works First cash assistance program ("OWF") and the Ohio Food Assistance program ("OFA"). OWF is the financial assistance portion of Ohio's Temporary Assistance to Needy Families program, which provides cash benefits to qualifying families for up to 36 months. The OFA program offers nutrition assistance benefits to low-income individuals and families. R.C. 5101.54.
{¶ 4} In order to receive OWF cash assistance, McCoy was required to sign *1228 and comply with a "self-sufficiency contract," which sets forth the rights and responsibilities of the program participants. See R.C. 5107.14(B). McCoy was also required to sign a self-sufficiency plan, which is an individualized assessment of what actions are required for the applicant to remain eligible under the program. Id.
{¶ 5} Relevant to this appeal, McCoy signed a self-sufficiency contract with ODJFS for benefits in May 2015. McCoy's self-sufficiency contract required her to participate in 129 hours per month of Work Experience Program work activities, including post-secondary educational hours for the period of August 2015 through December 2015. The contract informed McCoy that failing to adhere to its terms or the terms of the self-sufficiency plan could result in a sanction to her account.
{¶ 6} OWF sanctions are imposed pursuant to Ohio Adm.Code 5101:1-3-15. For a first sanction, "the county agency shall deny or terminate benefits for one calendar month or until the failure or refusal ceases, whichever is longer." Ohio Adm.Code 5101:1-3-15(C)(1) ; R.C. 5107.16. When an OFW recipient is sanctioned, his or her OFA benefits are also sanctioned. Ohio Adm.Code 5101:4-3-09.
{¶ 7} On March 23, 2016, McCoy requested a state hearing "because she did not receive her [OFW and OFA] benefits in March [2016] and a sanction was placed on [her] case in error."
{¶ 8} On April 27, 2016, a state hearing decision overruled McCoy's state hearing appeal because her request for a state hearing was made outside of the 90-day period provided under Ohio Adm.Code 5101:6-3-02(B)(1). The decision stated, in pertinent part:
In this case, the Agency proposed sanctions against McCoy and mailed notices on 12-15-16. [McCoy] requested a state hearing on these negative actions on 03-23-16. The 90th day would be 03-14-16. Therefore, McCoy is out of her 90 days to request a hearing on these actions and this Hearing Officer cannot make a decision. The [food assistance] issue is on a sanction and not on the current level of benefits.
{¶ 9} Thereafter, McCoy filed an administrative appeal from the state hearing decision, arguing:
ODJFS made several mistakes involving my case. I submitted documented evidence in the email I sent to request a state hearing as well as faxed evidence to the request hearing officer at the hearing in which I don't think was taken into consideration.
{¶ 10} On May 6, 2016, an administrative appeal decision was issued affirming the state hearing decision. The decision found that McCoy's state hearing request was untimely, stating:
The Agency issued sanction notices December 15, 2016 and McCoy timely requested a state hearing and received fair hearing benefits. McCoy then withdrew from the hearing and the Agency re-imposed the sanction. A first occurrence sanction was served March 2016. McCoy requested another state hearing on March 23, 2016.
Ohio Adm. Code 5101: 6-3-02(B) provides for 90 days to request a state hearing in most cases. See also 7 CFR 273.15.
The sanction notices at issue were issued December 15, 201[5] and the 90th day to request a state hearing was March 14, 2016 and the instant request for a hearing was March 23, 2016.
The hearing decision determined that McCoy's hearing request was untimely and the appeal was overruled on that basis. We can find no grounds for reversal *1229 per Ohio Adm. Code 5101:6-8-01(C) and (I).
{¶ 11} McCoy appealed the administrative appeal decision to the Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12 and R.C. 5101.35. On January 17, 2017, the trial court affirmed the administrative appeal decision, stating, in relevant part:
After careful review of McCoy's brief, appellee's brief, McCoy's reply brief and the accompanying certified record, the court finds that appellee's decision is supported by reliable, probative evidence, and is in accordance with law.
{¶ 12} McCoy now appeals from the trial court's judgment.
II. Law and Analysis
{¶ 13} Collectively, McCoy argues in her assigned errors that the administrative appeal decision is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Thus, McCoy contends the trial court committed reversible error by affirming the administrative appeal decision.
{¶ 14} R.C. 5101.35(A)(2) and (E) provide that an applicant, participant, or recipient of assistance from a family services program who disagrees with an administrative decision of the director of job and family services may appeal that decision to the court of common pleas, pursuant to R.C. 119.12. Haghighi v. Moody , 152 Ohio App.3d 600, 2003-Ohio-2203, 789 N.E.2d 673 (1st Dist.).
{¶ 15} In an administrative appeal under R.C. 119.12, a trial court must affirm the agency's decision if it is supported by reliable, probative and substantial evidence, and is in accordance with the law. Pons v. Ohio State Med. Bd. , 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993) ; In re Williams , 60 Ohio St.3d 85, 86, 573 N.E.2d 638 (1991).
{¶ 16} In reviewing the lower court's decision as to the evidentiary basis for the agency's order, appellate review is limited to whether the trial court abused its discretion in rendering its decision. Pons at 621, 614 N.E.2d 748. An abuse of discretion occurs when the court's judgment is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). With respect to purely legal questions, such as the construction of a statute or constitutional provision, we exercise de novo review. Haynam v. Ohio State Bd. of Edn. , 6th Dist. Lucas No. L-1101100, 2011-Ohio-6499, 2011 WL 6365144, ¶ 9, citing Washington Cty. Home v. Ohio Dept. of Health , 178 Ohio App.3d 78, 2008-Ohio-4342, 896 N.E.2d 1011, ¶ 25 (4th Dist.).
{¶ 17} Chapter 5101 of the Ohio Administrative Code governs the process by which a party may request a state hearing. A "request for a state hearing" is defined as a clear expression, by the individual or authorized representative, to the effect that he or she wishes to appeal a decision or wants the opportunity to present his or her case to a higher authority. The request may be either made orally or submitted written or electronically. Ohio Adm.Code 5101:6-3-02(A).
{¶ 18} Pursuant to Ohio Adm.Code 5101:6-3-02(B)(1), "[t]he individual shall be allowed ninety calendar days to request a hearing on any action or inaction." "The ninety-day period begins on the day after the date the notice of action is mailed. The date of the hearing request is the date it is received by either the state or local agency." Ohio Adm.Code 5101:6-3-02(B)(2)
{¶ 19} On appeal, McCoy maintains that she first received notice in a letter dated January 14, 2016. Thus, she argues that she had until April 13, 2016, to request a state hearing. In contrast, the *1230 agency contends that McCoy received the sanction notification letter on December 16, 2015, and that she untimely filed her request for a state hearing approximately one week after the 90-day period expired under Ohio Adm.Code 5101:6-3-02(B)(1).
{¶ 20} After careful review of the complete record submitted pursuant to R.C. 5101.35, we find the trial court abused its discretion in finding that the administrative appeal decision was supported by reliable, probative evidence. As stated, the state hearing decision and the administrative appeal decision each concluded that McCoy's request for a state hearing was untimely. Those decisions stated that the agency issued a sanction notice to McCoy on December 16, 2015, "per the agency's Client Notice History Screen."
{¶ 21} Upon review, the Client Notice History Screen referenced in the state hearing and administrative appeal decisions, this court is unable to determine whether McCoy received a notice of the first-occurrence sanctions on December 16, 2015 as the agency claims. The Client Notice History Screen reflects that McCoy received 14 notices from the agency between October 23, 2015 and February 10, 2016. With respect to December 16, 2015, the screen reflects that McCoy received notices from the agency that were classified as "Denial" and "Reduction."
{¶ 22} Significantly, however, the Client Notice History Screen does not specifically indicate when the first-occurrence sanction notification was sent to McCoy. In fact, the only reference to the first-occurrence sanction is found on the "Notice History Reason Code Screen" relating to a notification mailed to McCoy on January 14, 2016. That screen, found at page 84 of the administrative record, reflects that the "Reason Code" for the notification was:
628-1st Failure to Comply with SSC-Recipient Sanction. For a first failure you are not eligible for one month. Information below tells you how you failed and what must be done to end the sanction. The following people failed to comply: Janice McCoy.
{¶ 23} The record further contains a "Notice History Reason Code Screen" for a notification mailed on February 10, 2016. That notification reflects that the agency took a "No Change" action because "Reason Code: 455-Previous Sanction Still in Effect." The notification does not reference when the sanction was initially imposed.
{¶ 24} Having reviewed the administrative record in its entirety, we can not ascertain from this record, with certainty, whether McCoy received notice of her first-occurrence sanction on December 16, 2015 as ODJFS suggests. The record does not contain copies of the subject notification letters and the only information available to this court is a description of the actions taken by the agency on December 16, 2015, that indicates that the agency denied McCoy's OWF benefits and reduced her food stamp benefits. There is no reference to the imposition of a first-occurrence sanction.
{¶ 25} In cases such as this, where the merits of an administrative appeal are not considered based on an alleged procedural defect, we believe the record must unambiguously set forth the basis for such a conclusion without requiring inferences to be made. It is plausible, and perhaps probable, that the "denial" and "reduction" notification sent to McCoy on December 16, 2015, contained language that informed McCoy of the agency's decision to impose sanctions and/or referenced its authority to do so pursuant to Ohio Adm. Code 5101-1-3- 15. However, we cannot uphold judgments based on probabilities. Here, the subject sanction notice is not in the record and a print-out of McCoy's Client Notice *1231 History Screen is vague and insufficient. Neither this court, nor the trial court, should be asked to interpret code numbers and abbreviations used in the agency's internal database when reviewing an agency decision.
{¶ 26} Without supporting documentary evidence, we find that the trial court abused its discretion in determining that the agency's conclusion that McCoy's request for a state hearing was untimely was supported by "reliable, probative evidence."
{¶ 27} Accordingly, we sustain McCoy's assigned errors.
{¶ 28} Judgment reversed and remanded for further proceedings.
MARY J. BOYLE, J., and ANITA LASTER MAYS, J., CONCUR