COLEMAN, Appellant,

v.

WILKINSON, Dir., et al., Appellees.

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–456.

Decided April 25, 2002.

Law Offices of John S. Marshall, John S. Marshall and Lori Leon; David C. Stebbins; Dale A. Baich; Michael J. Benze; and Alan C. Rossman, for appellant.

Betty D. Montgomery, Attorney General, James V. Canepa and Jeffrey W. Clark, Assistant Attorneys General, for appellees.

---

Per Curiam.

{¶ 1} Plaintiff-appellant, Alton Coleman, filed a complaint and motion pursuant to Section 1983, Title 42, U.S.Code, alleging that defendants-appellees, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, and James Haviland, Warden of the Southern Ohio Correctional Facility, intend to violate his rights to substantive and procedural due process as guaranteed by the United States Constitution by allegedly (1) permitting more "victim family members" to view his execution than permitted by R.C. 2949.25(A)(6) and Ohio Adm.Code 5120–9–54(A)(7) and (2) allowing photographic or electronic recording equipment in or about the execution chamber in violation of Ohio Adm.Code 5120–9–54(B). On April 23, 2002, the trial court entered judgment denying plaintiff's motion for a temporary restraining order. Plaintiff appeals therefrom, arguing that the trial court erred in denying his motion.

{¶ 2} A temporary restraining order is an injunctive form of relief intended to prevent the applicant from suffering immediate and irreparable harm. Civ.R. 65(A). In determining whether to grant a temporary restraining order, a trial court must consider whether the movant has a strong or substantial likelihood of success on the merits of his underlying claim, whether the movant will be irreparably harmed if the order is not granted, what injury to others will be caused by the granting of the motion, and whether the public interest will be served by the granting of the motion. *Corbett v. Ohio Bldg. Auth.* (1993), 86 Ohio App.3d 44, 49, 619 N.E.2d 1145.

{¶ 3} In this appeal, plaintiff has alleged that the state's anticipated violations of R.C. 2949.25(A)(6) and Ohio Adm.Code 5120–9–54(A)(7) and (B) will violate his federal constitutional rights to privacy and due process. Plaintiff cannot show that the state will deprive him of those federal constitutional rights by its alleged violations of R.C. 2949.25(A)(6) and Ohio Adm.Code 5120–9–54(A)(7), and his Section 1983 action must fail. See *Sandin v. Conner* (1995), 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418; *Holden v. Minnesota* (1890), 137 U.S. 483, 491, 11 S.Ct. 143, 34 L.Ed. 734. Accordingly, plaintiff has not shown a strong or substantial likelihood of success on the merits of his underlying Section 1983

action, and the trial court did not abuse its discretion in denying plaintiff's motion for a temporary restraining order.

Judgment affirmed.

PEGGY BRYANT, DESHLER and BROWN, JJ., concur.