DECISION AND JUDGMENT ENTRY
{¶ 1} Teresa A. Oliver appeals from a judgment that dismissed her petition for a civil protection order on the grounds it was barred by the four-year statute of limitations for certain torts found in R.C.2305.09(D). She contends the statutory provisions for a civil protection order did not create a tort action, thus the four-year limitation period cannot apply. A civil protection order is a special statutory remedy that is designed to prevent violence, not to compensate the victim for damages. Thus, it does not appear to create a tort remedy. More importantly, the limitations periods in R.C. Chapter 2305 apply to civil actions, not special statutory proceedings like a civil protection order. Thus, none of the limitations periods in that chapter create a time bar for seeking a domestic violence civil protection order. *Page 2 
 I. FACTS {¶ 2} Teresa Oliver was married to Frank T. Johnson who physically assaulted her in 2002. Johnson began serving a prison term for those assaults in February of 2003, after he was convicted of rape and kidnapping. Upon his release from prison on August 23, 2006, Oliver filed a petition seeking a domestic violence civil protection order against Johnson. In her petition, Oliver alleged that in addition to having previously assaulted her, Johnson had threatened to kill her and her children upon his release from prison. She indicated due to his release on August 23, 2006, she had great fear for the safety of herself and family.
 {¶ 3} Johnson filed a motion to dismiss the petition, claiming, in part, the action was time barred by the four-year limitation period found in R.C. 2305.09(D), which governs certain torts. The trial court concluded there was no other applicable statute, thus, the period provided by R.C. 2305.09(D) "for an injury to the right of Plaintiff" controlled. Because the rape and kidnapping occurred in April of 2002 and Oliver filed the petition in August of 2006, the court concluded the four-year period had passed and dismissed the petition. Oliver then filed this appeal.
 II. ASSIGNMENT OF ERROR {¶ 4} Oliver posits one assignment of error for our review:
 ASSIGNMENT OF ERROR 1:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION SEEKING A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER ON THE BASIS THE ACTION WAS BARRED BY THE FOUR YEAR STATUTE OF LIMITATIONS SET FORTH IN R.C. 2305.09(D). *Page 3 
 {¶ 5} Because Oliver's assignment of error requires us to interpret the statutes dealing with limitation periods for filing civil actions, it presents us with a question of law. We review such issues on a de novo basis without any deference to the trial court's decision.
 III. STATUTE OF LIMITATIONS {¶ 6} At least one commentator and several cases have indicated there is no statute of limitations for filing a petition seeking a domestic violence civil protection. See Adrine Ruden, Ohio Domestic Violence Law (2006 Ed.) 458, Section 10:10 and the cases cited there. The basis for that conclusion apparently is the omission of any time limitation in the language of R.C. 3113.31(D). Id. We are forced to agree in spite of the language found in R.C. 2305.03, which states:
 R.C. 2305.03 Lapse of time a bar
 A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in sections 2305.03
to 2305.22, inclusive, of the Revised Code. When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto.
 {¶ 7} R.C. 3113.31 clearly is civil in nature as the petitioner is an individual not the state. R.C. 3113.31(C). See, also, Felton v.Felton, 79 Ohio St.3d 34, 679 N.E.2d 672, 1997-Ohio-302. In the absence of a specific limitation period in that statute, the trial court looked to the provisions of R.C. Chapter 2305 dealing with limitations of actions for the appropriate limitation period.
 {¶ 8} The trial court concluded R.C. 2305.09(D) controlled the time limits for seeking a civil protection order. That statute provides for a four-year limitation period for *Page 4 
tort actions not specifically covered by other statutory provisions, seeHarris v. Liston, 86 Ohio St.3d 203, 205, 714 N.E.2d 377, 1999-Ohio-159, and states:
 R.C. 2305.09 Four years; certain torts
 An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 * * * (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 2305.14 and 1304.35
of the Revised Code.
 * * * {¶ 9} Before we can apply R.C. Chapter 2305 to a petition for domestic violence civil protection order, we must determine whether R.C. 3113.31
creates a "civil action". According to R.C. 2305.03, the limitations periods created by R.C. 2305 apply to "civil actions". R.C. 2703.01
defines an action as "an ordinary proceeding in a court of justice. . . ." (emphasis supplied). And Civ.R. 2 provides there is only one form of action, known as a "civil action". Because an action/civil action is an "ordinary proceeding", it is distinguishable from "special proceedings", which continue to exist in spite of the adoption of Civ.R. 2. See, 1 Ohio Jurisprudence 3d (1977), Actions, Section 18.
 {¶ 10} A special proceeding is one specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. See, R.C. 2505.02(A)(2) and Polikoff v. Adam (1993),67 Ohio St.3d 100, 105 107, 616 N.E.2d 213. Where the law confers a right and authorizes a special application to a court to enforce it, the proceeding is "special" as opposed to "ordinary". Id. at 105, quotingSchuster v. Schuster (1907), 84 Minn., 403, 407, 87 NW 1014, 1015. *Page 5 
 {¶ 11} The General Assembly enacted the domestic violence statute R.C.3113.31 in 1978 to specifically authorize the issuance of protection orders. See, Felton v. Felton (1997), 79 Ohio St.3d 34, 37. We believe it meets the definition of a special statutory proceeding and thus cannot be an "ordinary proceeding" for purposes of R.C. 2703.01 and R.C.2305.03. Accordingly, none of the limitations periods provided in R.C. Chapter 2305 act as a bar to filing a motion for a domestic violence civil protection order under R.C. 3113.31(D).
 {¶ 12} While there is no time bar for filing the motion, we are quick to point out that the petitioner has the burden to establish that he or she is presently in fear of imminent serious physical harm. See R.C.3113.31(A)(1)(b) and Murral v. Thomson, Hocking App. No. 03CA8,2004-Ohio-432 ¶ 6.
 IV. CONCLUSION {¶ 13} R.C. Chapter 2305 does not establish a statute of limitations for a petition seeking domestic violence civil protection order. Accordingly, we reverse the trial court's judgment and remand for further proceedings
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Abele, J.: Concur in Judgment and Opinion. *Page 1