[Cite as *J.P. v. T.H.*, 2017-Ohio-233.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| J.P. | C.A. No.    15CA010897 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| T.H. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.    15CV185623 |

DECISION AND JOURNAL ENTRY

Dated: January 23, 2017

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, J.P., appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, T.H.  For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

I.

{¶2}    This is the second appeal J.P. has filed involving a dispute that he had with his neighbor, T.H., on June 22, 2014.  In a prior appeal, *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, this Court set forth the basic underlying factual history as follows:

> J.P. and T.H. are neighbors in a townhouse development that includes a skate park located near J.P.'s residence.  J.P. has actively been trying to close the skate park due to alleged "chronic nuisance conditions, including crime[.]"  As part of his campaign to shut down the skate park, J.P. has confronted, videotaped, and called the police on a number of the park's patrons.

> J.P. asserts that beginning in the spring of 2014, T.H. "began a campaign of retaliation" against him due to his opposition to the skate park.  According to J.P.,

this campaign has included T.H. stalking and harassing him on a variety of occasions. J.P. accused T.H. of mailing him an anonymous letter that contained derogatory and threatening language. The letter also instructed J.P. to move out of the neighborhood for the betterment of the community. T.H. has denied sending the letter and he also disclaimed an interest in the development's skate park.

On the evening of June 22, 2014, T.H. was riding his bicycle down the street towards his home, returning from the development's community swimming pool. T.H. was forced to pass J.P.'s residence in order to get to his own home. As T.H. passed J.P.'s residence, J.P. yelled out that he was not intimidated by T.H. A physical altercation then ensued. J.P. claims that T.H. came onto his driveway, knocked a video camera out of his hand, and struck him in the head. Alternatively, T.H. and another neighbor who witnessed the altercation both assert that J.P. approached T.H. near the street and slapped him numerous times. It is undisputed that J.P. subsequently withdrew a firearm that had been concealed on his person and briefly aimed it at T.H. Upon seeing the firearm, T.H. and the neighbor immediately retreated and called the police. As a result of this altercation, the police placed T.H. under arrest.

*Id*. at ¶ 2-4. J.P. subsequently petitioned for and received an ex parte civil protection order against T.H. *Id*. at ¶ 5. However, the trial court denied J.P.'s petition for a permanent protection order against T.H. following a two-day evidentiary hearing on J.P.'s petition. *Id*. at ¶ 6. This Court ultimately affirmed the trial court's denial of J.P.'s petition for a permanent protection order against T.H. *Id*. at ¶ 37.

{¶3} On February 6, 2015, while J.P.'s civil protection order case was still being litigated, J.P. filed a complaint for money damages against T.H. in the Lorain County Court of Common Pleas, wherein J.P. pleaded causes of action for assault, battery, invasion of privacy, and defamation stemming from T.H.'s alleged actions during the June 22, 2014 altercation. T.H. failed to file a timely responsive pleading or otherwise appear in the matter. Consequently, J.P. filed a motion for default judgment pursuant to Civ.R. 55(A). However, on March 30, 2015, the trial court instructed J.P. to properly serve T.H. with his motion for default judgment, as well as to supplement his motion with an affidavit in support of damages and a military affidavit. On

April 10, 2015, upon receiving a copy of the March 30, 2015 order from the trial court, T.H. filed an answer denying the allegations set forth in J.P.'s complaint, which was attached to a motion for leave to file an answer instanter. T.H. also filed a brief in opposition to J.P.'s motion for default judgment. J.P. thereafter filed written objections to the trial court's March 30, 2015 order, as well as an opposition brief to both T.H.'s motion for leave to file an answer instanter and brief in opposition to J.P.'s motion for default judgment. On April 17, 2015, the trial court granted T.H.'s motion for leave to file an answer instanter and accepted T.H.'s answer. The trial court also summarily denied J.P.'s motion for default judgment and dismissed J.P.'s objections to its March 30, 2015 order as moot. The trial court subsequently denied J.P.'s motion for leave to file a reply instanter in response to T.H.'s brief in opposition to J.P.'s motion for default judgment.

{¶4} On June 29, 2015, J.P. filed an ex parte motion for a temporary restraining order (T.R.O.) against T.H. and T.H.'s daughter, M.H., on the basis that they were stalking, menacing, and/or harassing him and his brother. The trial court summarily denied J.P.'s ex parte motion for a T.R.O. and request for an oral hearing. On August 21, 2015, J.P. filed an amended complaint attached to a motion to amend complaint instanter, wherein J.P. sought to add M.H. as a defendant to the lawsuit, as well as additional claims. The trial court summarily denied J.P.'s motion to amend his complaint.

{¶5} On November 6, 2015, T.H. filed a motion for summary judgment. J.P. filed a brief in opposition to T.H.'s summary judgment motion, to which T.H. filed a reply brief in response to J.P.'s opposition brief. On December 17, 2015, the trial court granted summary judgment in favor of T.H. on the basis that all of J.P.'s claims are barred by the doctrine of res judicata since "these matters have been resolved as a result of earlier litigation."

{¶6} J.P. filed this timely appeal and raises eight assignments of error for this Court's review. To facilitate our analysis, we elect to address some of J.P.'s assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS MARCH 30, 2015 JOURNAL ENTRY, INCLUDING ORDERING [J.P.] TO FILE A DAMAGES AFFIDAVIT AND A MILITARY AFFIDAVIT AND TO SERVE THE AFFIDAVITS AND [J.P.]'S MOTION FOR DEFAULT JUDGMENT ON [T.H.].

{¶7} In his first assignment of error, J.P. argues that the trial court erred by issuing its March 30, 2015 journal entry ordering him to supplement his motion for default judgment with a military affidavit and an affidavit in support of damages, as well as ordering him to serve T.H. with said affidavits and a copy of his motion for default judgment. We disagree.

{¶8} Civ.R. 55(A), which governs the entry of default judgments, states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore[.] * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

"Proof of damages is not required before a default judgment can be granted in an action filed upon a liquidated damage claim based upon an account. However, when the judgment is not liquidated, or only partially liquidated, it is reversible error for the trial court to enter a default judgment without holding a hearing on the damages issue." (Citations omitted.) *Hull v. Clem*

*D's Auto Sales*, 2d Dist. Darke No. 2011 CA 6, 2012-Ohio-629, ¶ 7, quoting *Mid-American Acceptance Co. v. Reedy*, 11th Dist. Lake No. 89-L-14-072, 1990 WL 94816, *2 (June 29, 1990). This rule is derived from Civ.R. 8(D), which states in part that "[a]vertments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading." (Emphasis added.)

{¶9} Here, it is undisputed that T.H. did not file a timely responsive pleading or otherwise appear in this matter prior to J.P. filing his motion for default judgment. On March 30, 2015, without ruling on J.P.'s motion for default, the trial court ordered J.P. to file a military affidavit and an affidavit in support of damages, and further ordered J.P. to serve T.H. with these affidavits along with a copy of his motion for default judgment. On appeal, J.P. contends that he was entitled to a default judgment and that the orders contained within the trial court's March 30, 2015 journal entry were improper.

{¶10} A review of J.P.'s complaint indicates that J.P.'s prayer for relief included a request for compensatory and punitive damages on each cause of action "in an amount to be determined by the jury at trial, but in excess of $75,000.00 total[.]" However, nothing within J.P.'s complaint or motion for default judgment, and no other filing within the record, specifically details the amount of damages that J.P. actually suffered as a result of T.H.'s allegedly tortious conduct. Thus, because the amount of damages pled within J.P.'s complaint is not liquidated, the trial court was unable to enter a default judgment without first ascertaining the true nature of J.P.'s damages.

{¶11} However, nothing within Civ.R. 55(A) obligates a trial court to bifurcate its determinations with respect to liability and damages. *See* Civ.R. 55(A). That is, Civ.R. 55(A) does not *require* a trial court to make an immediate determination as to liability prior to

considering the issue of damages, although a trial court may certainly elect to do so in its discretion. Rather, when considering a motion for default judgment, a trial court is free to consider liability and damages simultaneously. Additionally, although Civ.R. 55(A) does not require a movant to file an affidavit in support of damages along with his or her motion for default judgment, we cannot say that it was improper for the trial court to order J.P. to file such a motion, especially since this information was relevant to proving J.P.'s claims and to ascertaining damages. As such, we conclude that the trial court did not abuse its discretion by ordering J.P. to file an affidavit in support of damages. Further, because the trial court had the authority to instruct J.P. to file an affidavit in support of damages, we need not address the propriety of the remaining orders contained within the March 30, 2015 journal entry.

{¶12} J.P.'s first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS APRIL 17, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING [T.H.] LEAVE TO FILE AN ANSWER INSTANTER, IN DENYING [J.P.]'S MARCH 25, 2015 MOTION FOR DEFAULT JUDGMENT AGAINST [T.H.] AND IN NOT HOLDING A HEARING ON THE MOTION AND IN NOT SETTING THE CASE FOR A JURY TRIAL AS TO DAMAGES ONLY, AND IN DISMISSING [J.P.]'S APRIL 13, 2015 OBJECTIONS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS APRIL 22, 2015 JOURNAL ENTRY, INCLUDING IN DENYING [J.P.]'S APRIL 17, 2015 MOTION FOR LEAVE TO FILE A REPLY.

{¶13} In his second assignment of error, J.P. argues that the trial court erred by issuing its April 17 2015, journal entry, thus granting T.H.'s motion for leave to file answer instanter, accepting T.H.'s untimely answer, and summarily denying his motion for default judgment. In

his third assignment of error, J.P. contends that the trial court erred by issuing its April 22, 2015 journal entry, thus denying his motion for leave to file a reply instanter in response to T.H.'s brief in opposition to his motion for default judgment. We disagree on both points.

{¶14} Civ.R. 6(B)(2) explains when a court may grant leave for a late filing:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

Although Civ.R. 55(A) permits a default judgment when a defendant fails to answer or otherwise defend an action, a trial court has the discretion to permit an answer to be filed after the time for filing has run in the case of excusable neglect. *Davis v. Immediate Med. Serv., Inc.*, 80 Ohio St.3d 10, 14 (1997). "Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Id.*, citing *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473 (1992). This determination is made with reference to all of the surrounding facts and circumstances and with due consideration for the principle that cases should be decided on their merits when possible. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995). A trial court's decision in this regard is reviewed for an abuse of discretion. *Id*. at 465. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶15} After a thorough review the record, we determine that the trial court did not abuse its discretion in issuing its April 17, 2015, and April 22, 2015 journal entries, respectively. J.P. filed his complaint in the instant matter on February 6, 2015. Upon T.H.'s failure to file a timely

responsive pleading or otherwise appear in this matter, J.P. filed a motion for default judgment on March 25, 2015. T.H. subsequently filed a motion for leave to file an answer instanter, as well as a brief in opposition to J.P.'s motion for default judgment. In his opposition brief, T.H.'s trial counsel explained that T.H.'s failure to file a timely responsive pleading or otherwise appear in this matter was not deliberate, but resulted from his accidental misfiling of the unopened summons and complaint while relocating his law office. On April 17, 2015, the trial court summarily denied J.P.'s motion for default judgment, granted T.H.'s motion for leave to file an answer instanter, and ordered the Lorain County Clerk of Court to accept T.H.'s answer. On April 22, 2015, the trial court also denied J.P.'s motion for leave to file a reply instanter to T.H.'s brief in opposition to J.P.'s motion for default judgment.

{¶16} Considering these circumstances, we cannot conclude that the trial court abused its discretion by denying J.P.'s motion for default judgment and permitting T.H. to file an answer instanter. It is a basic tenet of Ohio law that cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). For these same reasons, we also determine that the trial court did not err by denying J.P.'s motion for leave to file a reply instanter in response to T.H.'s brief in opposition to J.P.'s motion for default judgment. Lastly, having already determined that the trial court did not abuse its discretion by denying J.P.'s motion for default judgment, we likewise conclude that the trial court did not err by not scheduling a hearing or jury trial to address the issue of damages or by dismissing J.P.'s objections to its April 17, 2015 journal entry as moot.

{¶17} Accordingly, J.P.'s second and third assignments of error are overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS JULY 8, 2015 JOURNAL

ENTRY, INCLUDING IN DENYING [J.P.]'S JUNE 29, 2015 MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR AN ORAL HEARING ON THE MOTION.

**{¶18}** In his fourth assignment of error, J.P. contends that the trial court erred by denying his ex parte motion for a T.R.O. and request for an oral hearing on said motion. We disagree.

**{¶19}** A temporary restraining order is a form of relief intended to prevent the applicant from suffering immediate and irreparable harm, injury, or damage. Civ.R. 65(A); *Coleman v. Wilkinson*, 147 Ohio App.3d 357, 358 (10th Dist.2002). In determining whether injunctive relief should be granted, a trial court generally examines four factors: whether (1) there is a substantial likelihood that plaintiff will prevail on the merits; (2) plaintiff will suffer irreparable injury if the injunction is not granted; (3) any third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction. *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co., Gen. Commodities Div.*, 109 Ohio App.3d 786, 790 (10th Dist.1996), citing *Valco Cincinnati, Inc. v. N & D Machining Serv., Inc.*, 24 Ohio St.3d 41 (1986). The party seeking the preliminary injunction must establish each of these elements by clear and convincing evidence. *Mead Corp. v. Lane*, 54 Ohio App.3d 59, 63 (4th Dist.1988). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *State v. Bluser*, 2d Dist. Montgomery No. 18856, 2002 WL 191567, *1 (Feb. 8, 2002), citing *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954); *State v. Ingram,* 82 Ohio App.3d 341 (2d Dist.1992). An appellate court will not reverse a trial court's decision to deny or grant a

temporary restraining order or preliminary injunction absent an abuse of discretion. *Wimmer Family Trust v. FirstEnergy*, 9th Dist. Lorain No. 08CA009392, 2008-Ohio-6870, ¶ 9, vacated on other grounds, citing *TGR Ents., Inc. v. Kozhev*, 167 Ohio App.3d 29, 2006–Ohio–2915, ¶ 11 (2d Dist.).

{¶20} Here, J.P. filed his motion for a T.R.O. on the basis that T.H. and T.H.'s daughter, M.H., were stalking, menacing, and/or harassing him and his brother. Specifically, J.P. asserted that T.H. and M.H. both followed him and his brother in their car, made menacing comments to them, made finger gestures towards them, looked menacingly at them, and honked their car horn at them. J.P.'s motion also references the June 22, 2014 altercation between T.H. and himself, which is the incident at issue both in the present lawsuit and in J.P.'s previous action for a civil stalking protection order. *See J.P. v. T.H.*, 2016-Ohio-243. On July 8, 2015, the trial court summarily denied J.P.'s ex parte motion for a T.R.O. without holding a hearing on the matter.

{¶21} Initially, we note that Civ.R. 65 does not require a trial court to hold a hearing on a T.R.O. *Ridenour v. Wilkinson*, 10th Dist. Franklin No. 07AP-200, 2007-Ohio-5965, ¶ 49, citing Civ.R. 65(A). Rather, Civ.R. 65 requires a hearing on a motion for a preliminary injunction only if a T.R.O. has been granted. *Id*. Accordingly, because J.P. was not entitled to a hearing on his motion for a T.R.O. under Civ.R. 65, we determine that the trial court did not err by not conducting a hearing prior to denying J.P.'s ex parte motion for a T.R.O.

{¶22} Additionally, after reviewing the record, we determine that the trial court did not err by denying J.P.'s motion for a T.R.O., as J.P.'s motion failed to demonstrate a substantial likelihood that he would prevail on the merits. As noted previously in this opinion, at the time that the present lawsuit was filed, J.P. had already filed for a permanent civil stalking protection order against T.H. in the Lorain County Court of Common Pleas. In that case, the Lorain County

Court of Common Pleas conducted a two-day evidentiary hearing on the matter and ultimately denied J.P.'s petition for a permanent civil stalking protection order against T.H. on the basis that J.P. had failed to meet his burden of proof. *J.P.* at ¶ 6. As such, in ruling upon J.P.'s motion for a T.R.O., the trial court was already well aware of the long and bitter history between the parties, as well as the underlying facts giving rise to this case. Thus, as J.P.'s ex parte motion for a T.R.O. was partly premised on the June 22, 2014, altercation between the parties, as well as other similar incidents that allegedly occurred subsequent to June 22, 2014, we cannot conclude that the trial court erred by denying J.P.'s ex parte motion for a T.R.O.

{¶23} J.P.'s fourth assignment of error is overruled.

ASSIGNMENT OF ERROR VII

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS DECEMBER 17, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING SUMMARY JUDGMENT TO T.H.

{¶24} In his seventh assignment of error, J.P. contends that the trial court erred by granting summary judgment in favor of T.H. Specifically, J.P. contends that the trial court erred by concluding that the doctrine of res judicata barred his civil claims against T.H. We agree.

{¶25} Res judicata is a doctrine of judicial preclusion. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). There are two theories on which res judicata operates: claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). *Id*. "Under the doctrine of *res judicata*, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Kelm v. Kelm*, 92 Ohio St.3d 223, 227 (2001), quoting *Grava* at syllabus. Furthermore, res judicata operates to bar litigation of "'all claims which were or might have been

litigated in a first lawsuit.'" (Emphasis omitted). *Grava* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990).

{¶26} "'Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim.'" *SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013–Ohio–3931, ¶ 8, quoting *Brown v. Vaniman*, 2d Dist. Montgomery No. 17503, 1999 WL 957721, *4 (Aug. 20, 1999).

{¶27} Here, the trial court determined that J.P.'s civil claims against T.H. involved matters that "have been resolved as a result of earlier litigation," namely J.P.'s failed effort to secure a permanent civil protection order against T.H. *See J.P. v. T.H.*, 2016-Ohio-243. Thus, upon determining that the present lawsuit "involves the same parties, the same temporal events, and the same pivotal dates (all of which culminated on June 22, 2014)," the trial court determined that the doctrine of res judicata applied to the instant case and barred J.P.'s civil claims against T.H. Accordingly, the trial court determined that since the underlying facts in this case were previously litigated at the civil protection order hearing, no genuine issues of material fact remained to be litigated and that T.H. was entitled to judgment as a matter of law.

{¶28} The trial court correctly noted that the prior litigation involving the parties in the instant matter concerned a petition for a civil stalking protection order that J.P. filed in the Lorain County Court of Common Pleas. It has been held that "[a] civil protection order is a special statutory remedy that is designed to prevent violence, not to compensate the victim for damages." *Oliver v. Johnson*, 4th Dist. Jackson No. 06CA16, 2007-Ohio-5880, ¶ 1. As such, a civil protection order does not create a tort remedy. *Id.* Indeed, R.C. 2903.214, Ohio's statute

governing the issuance of a civil stalking protection order, confers limited jurisdiction to the common pleas courts to address requests for civil stalking protection orders. While R.C. 2903.214 does not explicitly prohibit a petitioner from filing civil claims contemporaneously with his or her petition for a protection order, the statute does state that the remedies available in stalking cases "are in addition to, and not in lieu of, any other available civil and criminal remedies." R.C. 2903.214(G). Thus, we determine that J.P.'s failure to assert his tort claims contemporaneously with his petition for a civil stalking protection order did not preclude J.P. from subsequently bringing a civil action against T.H. To hold otherwise would punish petitioners seeking protection orders by forever depriving them of all legal remedies simply for prioritizing their own physical safety and/or the physical safety of their family members over their pecuniary damages.

{¶29} While we agree with both T.H. and the trial court that the present lawsuit and J.P.'s prior action seeking a civil protection order derive from the same common nucleus of operative fact (that is, the June 22, 2014 altercation), we do not agree that the issues litigated in the protection order case are similar to the issues involved here. In J.P.'s protection order case, the trial court was required to decide whether J.P. had proven by a preponderance of the evidence that T.H. knowingly caused J.P. to believe that he would cause him either physical harm or mental distress. *See J.R. v. Pless*, 9th Dist. Summit No. 27665, 2016-Ohio-14, ¶ 8. This determination squarely addresses whether J.P. was at risk of *future* harm from T.H. *See Hamlin-Scanlon v. Taylor*, 9th Dist. Summit No. 23773, 2008-Ohio-411, ¶ 11 (holding that the goal of R.C. 2903.214 is to prevent future injury and "allow the police and the courts to act *before* a victim is harmed by a stalker."). In the present civil case, on the other hand, the trial court is required to consider whether J.P. has proven by a preponderance of the evidence that T.H.

committed the elements constituting assault, battery, invasion of privacy, and defamation. Contrary to J.P.'s protection order case, this determination requires the trial court to consider T.H.'s *past* conduct. As both of J.P.'s cases involve facts that are neither directly at issue in the other litigation nor fully litigated in the previous protection order case, we conclude that J.P.'s civil claims are not barred by the doctrine of res judicata and that the trial court erred by granting summary judgment in favor of T.H. on this basis.

{¶30} Accordingly, J.P.'s seventh assignment of error is sustained.

ASSIGNMENT OF ERROR V

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS DECEMBER 9, 2015 JOURNAL ENTRY, INCLUDING IN SUA SPONTE EXTENDING THE TIME FOR [T.H.] TO FILE A REPLY.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN ISSUING ITS DECEMBER 16, 2015 JOURNAL ENTRY, INCLUDING IN OVERRULING/DENYING [J.P.]'S DECEMBER 15, 2015 OBJECTIONS TO THE TRIAL COURT'S DECEMBER 9, 2015 REPLY EXTENSION.

ASSIGNMENT OF ERROR VIII

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED ITS DISCRETION IN IMPLICITLY DENYING [J.P.]'S DECEMBER 17, 2015 MOTION TO STRIKE, ALTERNATIVELY, MOTION FOR LEAVE TO FILE A NEW OPPOSITION.

{¶31} In his fifth assignment of error, J.P. argues that the trial court erred by extending the amount of time that T.H. had to file his reply brief to J.P.'s brief in opposition to T.H.'s motion for summary judgment. In his sixth assignment of error, J.P. argues that the trial court erred by denying his objections to the trial court's December 9, 2015 order extending the amount of time that T.H. had to file his reply brief to J.P.'s brief in opposition to T.H.'s motion for

summary judgment. In his eighth assignment of error, J.P. argues that the trial court erred by implicitly denying his motion to strike T.H.'s reply brief to his brief in opposition to T.H.'s motion for summary judgment. J.P. alternatively argues in his eighth assignment of error that the trial court erred by implicitly denying his motion for leave to file a new opposition brief to T.H.'s motion for summary judgment. However, given this Court's resolution of J.P.'s seventh assignment of error, J.P.'s fifth, sixth and eighth assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

**{¶32}** J.P.'s first, second, third, and fourth assignments of error are overruled. J.P.'s seventh assignment of error is sustained and his fifth, sixth, and eighth assignments of error are moot. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

J.P., pro se, Appellant.

GERALD R. WILSON, Attorney at Law, for Appellee.